# Exhibit 3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
DOMESTIC VIOLENCE UNIT

| | | |
|---|---|---|
| **GREGORY ALAN SLATE,** Petitioner | : | CASE NO. 2010 CPO 4129 |
| v. | : | |
| **TYRA FERRELL,** Respondent. | : | JUDGE JOSÉ M. LÓPEZ |

## ORDER

Pending before the Court is the respondent's Motion to Reopen for Fraud and Perjury and the Government's Opposition to Respondent's Motion to Reopen for Fraud and Perjury. The respondent submitted a forty page Motion on March 17, 2015, requesting that the Court: 1) reconsider the Civil Protection Order ("CPO") and contempt finding that was entered against her on April 13, 2011 and October 14, 2011, respectively; 2) conduct an inquiry into the Petitioner's testimony; and 3) investigate its own role in the alleged fraud perpetrated by the petitioner against a Federal Judge. The government responded with a compelling opposition, arguing that the Respondent's actions are precluded as a matter of law.

Given that the respondent seeks to have the Court investigate the entry of the CPO and the contempt findings against her, the Court interprets this Motion as a Rule 59 Motion for a New Trial. D.C. Super Ct. Civ. Pro. 59(a). With regard to the CPO, the respondent consented to the entry of the CPO against her on April 13, 2011. Rule 59, therefore, does not apply because the parties never went to trial—the respondent expressly agreed to the provisions set forth in the consent CPO. Even if the Court were to construe the respondent's instant Motion as a Rule 59(e) Motion to Alter to Amend Judgment, the respondent is precluded from relief because she failed to file her motion within ten days of the entry of the CPO.[1] The same reasoning applies to the respondent's argument requesting the Court to reconsider its Contempt finding. Given the above, the respondent is precluded from relief as a matter of law, pursuant to Rule 59, because she failed to file her Motion in a timely fashion.

The Court could also construe the respondent's Motion pursuant to D.C. Super. Ct. R. 60(b), which grants relief from judgment on the basis of Fraud. The respondent is precluded

---

[1] The consent CPO has long since expired—its provisions terminated on April 13, 2012.

from this relief as any such motion must "be made within a reasonable time, and for reasons . . . not more than 1 year after the judgment, order, or proceeding was entered or taken." D.C. Super. Ct. Civ. R. 60(b). Here, the respondent waited approximately four years before filing the instant motion, well beyond the one year deadline set forth by the rules. Notwithstanding that fact, the CPO expired on April 13, 2012—following that date, the agreement between the parties terminated and the Court lost jurisdiction over the respondent. Since the respondent failed to file her motion in a timely manner, she is precluded from relief as a matter of law. Accordingly, the respondent's Motion to Reopen for Fraud and Perjury is hereby **DENIED**.[2]

It is **SO ORDERED** on this 3rd day of April, 2015.

_____
José M. López, Judge
(*Signed in Chambers*)

Copies to: (with enclosure)

Tyra Ferrell
9217 Hampton Glen Court
Tallahassee FL, 32312

Janese Bechtol, Esq.
Assistant Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001

---

[2] The respondent included a Money Order, in the amount of $20.00, to cover filing fees. The Court does not require a payment to file a motion. Accordingly, included in the respondent's copy of the instant Order, is the Money Order.