IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
Mailroom
NOV 20 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

DIOP KAMAU and TYRA FERRELL,
  Plaintiffs,

v.                                              Civil Action No. 1:25-cv-02748-SLS

GREGORY SLATE, et al.,
  Defendants.
_____/

# DEFENDANT SARA BARGER'S MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Defendant Sara Barger respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(1) and (4), to set aside the Clerk's Entry of Default entered on October 28, 2025 (ECF No. 15). In support, Defendant states:

## I. INTRODUCTION

Ms. Barger has never been properly served with the Complaint in this action and had no actual notice of the lawsuit until she recently received a copy of the Clerk's Entry of Default. Because the purported service was defective and the default was entered without jurisdiction over her person, the default must be set aside under Rule 60(b)(1) and (3). Alternatively, good cause exists to set it aside under Rule 55(c) for excusable neglect and lack of prejudice.

## II. FACTUAL BACKGROUND

1. Plaintiffs filed the Complaint on August 19, 2025 (ECF No. 1), naming a defendant identified as "Sarah Barger." That is not the correct spelling of the undersigned's name, underscoring Plaintiffs' lack of familiarity with, and absence of any good-faith basis for, bringing this action against Defendant Sara Barger. The pleadings in this and other matters demonstrate that Plaintiffs have engaged in a pattern of frivolous, vexatious filings intended to harass and burden individuals through baseless and fabricated litigation.

2. Plaintiffs purport to have somehow personally served Ms. Barger in Washington, DC, on September 3, 2025, as reflected in two documents titled "Proof of Service" (ECF Nos. 6 & 12). Both returns state that the summons and complaint were "left with (*name*) Doorstep" of the residence at 1364 Parkwood Place NW, Washington, DC.

3. The "Proofs of Service" bear the typed names and addresses of *both Plaintiffs* themselves in the section labeled "server's address." No individual was personally served, no certified-mail receipt is attached, and no affidavit of a non-party process appears in the record.

4. Ms. Barger never received any copy of the Complaint or summons by hand, mail, or email. Her first notice of this lawsuit was when she was mailed a copy of the Entry of Default dated October 28, 2025.

5. Upon learning of the default, she promptly began looking for counsel

## III. ARGUMENT

### A. The Entry of Default Is Void for Lack of Proper Service (Rule 60(b)(4)).

Service of process is a prerequisite to personal jurisdiction. D.C. Super. Ct. R. Civ. P. 4(b) reads, "Service of process must be made by one or more of the following persons: (1) any competent person who is at least 18 years of age and <u>*not a party to or otherwise interested in the claim*</u>; (2) a clerk, for service by registered or certified mail as provided in Rule 4(c), as to any defendant described in Rule 4(e), (g), or (h); or (3) a United States marshal or deputy marshal if authorized by the court." Neither the Federal Rules nor the D.C. Superior Court Rules permit simply leaving papers on a doorstep. Because the record shows no valid service, the default entered against Ms. Barger is void and must be vacated as a matter of law.

### B. Alternatively, Good Cause Exists to Set Aside the Default (Rules 55(c) and 60(b)(1)).

Even if service were deemed technically adequate, relief is warranted because Ms. Barger's failure to respond was not willful. She acted promptly once she learned of the case, and Plaintiffs suffer no prejudice from litigating on the merits. Courts in this Circuit favor resolving disputes on their merits rather than by default. Ms. Barger intends to assert substantial defenses, including that this is action is brought in bad faith for the sole purposes of harassing and annoying Ms. Barger.

## IV. CONCLUSION

For the foregoing reasons, Defendant Sara Barger respectfully requests that the Court issue an order setting aside and vacating the Clerk's Entry of Default (ECF No. 15).

*/s/ Sara Barger*

Sara Barger
1364 Parkwood Place
Washington, DC 20010